SIMÓN CÁCERES ET AL., Plaintiffs and Appellees, *v.* JOSÉ GARCÍA DONES, Defendant and Appellant.

No. 10033. Argued May 1, 1950.—Decided May 15, 1950.

*Emilio Santana Díaz* for appellant. *Ramón Cancio* and *Joa-quín Gallart Mendía,* counsel for the Department of Labor, for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Eight workmen filed in the District Court of San Juan a claim for wages against José García Dones, under Act No. 10 of 1917 (Vol. II, p. 216), as amended, and Act No. 84 of May 12, 1943 (p. 196). They alleged that they had been discharged without just cause and claimed one month's salary. The defendant answered denying that the discharge had not been for just cause and on the contrary alleged that the plaintiffs were constantly playing card and dice within the bakery and that on August 22, 1948, they moistened a bag of flour, failed to treat it, and quitted work without any motive, for which reason he was compelled to close his shop for three days, which caused him a great loss in his business. After a trial on the merits, the lower court entered judgment sustaining the complaint as to six of the eight workmen.

On the day following notice of the judgment, claimants filed a motion for reconsideration, since no provision was made regarding the claim of Felipe González Soto.[1] Two days after service of that motion on the defendant, he appealed to this Court from the judgment rendered. Subsequent to the appeal, the lower court, over defendant's objection—based on the fact that the court lacked jurisdiction to amend its judgment inasmuch as an appeal had been filed—entered a new judgment sustaining the complaint of the above-mentioned workman. From this second judgment, the defendant also appealed.

■■ To support both appeals the defendant alleges first, that the lower court erred in not rendering a written opinion substantiating its judgment in accordance with the law. Likewise, it did not render any opinion in support of its original judgment in connection with the rights of six of the eight workmen, nor to substantiate its ruling on the motion filed by them in the name of Felipe González Soto. On both occasions it merely entered separate judgments. The Rules of Civil Procedure by express provision of the statute [2] are applicable to proceedings of this sort, and although it is true that in harmony with the provisions of Rule 52(a), "In all actions the court shall set forth the facts as found by it and state separately its conclusions of law thereon and direct the entry of the appropriate judgment", we think that said Rule has been substantially complied with. In the first judgment entered it set forth that "The evidence for the workmen is clear to the effect that they attempted to unionize, that they obtained a salary increase, and that after they obtained it the employer refused to pay them." In the second, after

---

[1] Felipe González Soto was one of the eight claimants. Likewise the judgment did not state anything regarding the claim of José Ramón Ocasio Collazo, but the record shows that no evidence was introduced in this respect and that said workman was at that time confined in an Insane Asylum. .

[2] See § 2 of Act No. 10 of 1917, as amended by Act No. 182 of May 12, 1948 (Sess. Laws, p. 470).

referring to the first judgment, the court states that "It seems that on account of the coincidence in the names of two claimants, Felipe González Soto, who was discharged together with the other workmen for the same cause, was not included in said judgment". Indeed, little would be gained by reversing the judgments and remanding the case to the court of original jurisdiction in order that it should set out the facts as found by it and state separately its conclusions of law. However, we call once more the attention of the district courts to the necessity of strictly complying with the provisions of that rule. Consequently, we repeat what was stated in *Meléndez v. Metro Taxicabs*, 68 P.R.R. 709, 712, to wit:

"It would be of considerable aid to us if the district courts followed the method contemplated by the Rules and used in the Federal Courts of setting out separately each finding of fact and conclusion of law."

See also *Ramírez v. District Court*, 65 P.R.R. 330; *Varela v. Fuentes* and *Pérez v. Cruz*, 70 P.R.R. 838 and 890 respectively.

In the second place, the defendant charges the lower court with having entered judgment in favor of Felipe González Soto after the appeal was taken. It is true that subsequent to the filing of the notice of appeal the court entertained a document labelled "Motion for Reconsideration of Judgment." However, such document did not have the scope of a motion for reconsideration, since strictly speaking, it only contained the request that the court, like in the case of the other six workmen, render judgment in favor of Felipe González Soto, who was one of the claimants and in support of whose claim, evidence was introduced similar to that offered in the other cases. Indeed it was not a question of several actions being joined, therefore losing their individuality. On the contrary, in the proceeding under consideration, eight workmen who had worked for the defendant and who maintained that they had been discharged without just cause, were

joined in a single action, as provided by law [3] and jointly filed their claim in the lower court. Because of that single fact the independent action of each workman did not lose its separability. It was undoubtedly their purpose, in joining their claims under a single action, to save expense and shorten the proceeding, especially when the evidence in connection with each claim was more or less identical. Therefore, there was a joinder for the sake of the action and the trial, but not of the judgments to be rendered. *Cf. Ayala* v. *Martell*, 65 P.R.R. 106. The court was bound to render judgment with regard to the claim of each claimant. The fact that in the original judgment entered it referred only to six of the eight claimants and that the defendant appealed from that judgment, did not deprive the court of jurisdiction to render a new judgment in connection with one of the claiming workmen, not included in the original judgment. It was the duty of the court to decide the latter's claim and it did so.[4]

█ The weighing of the evidence is the object of the third assignment of error. Although we think that both judgments are supported by the evidence, for the purpose of greater clearness we shall make a summary of the evidence introduced. That for the claimants tended to show that each workman was paid a certain sum for each sack of flour treated; that nine or twelve sackfuls were treated daily and that usually each workman worked four days one week and three days the next. Also that shortly before their discharge, they had unionized and that pursuant to the decree applicable to bakeries they had to be paid a daily wage of $4 for eight hours; that the employer insisted that he was losing money and that he could only pay them $3.50; and that when they alleged that they were entitled to the mini-

---

[3] Act No. 10 of 1917, *supra*, as amended by Act No. 17 of April 11, 1945 (Sess. Laws, p. 44) and Rule 20 (*a*).

[4] The decision in *Guilhon & Barthelemy* v. *District Court*, 64 P.R.R. 289, is not in point. In this case we held that "an appeal from a judgment or order ousts the jurisdiction of the lower court to pass on a pending motion for reconsideration thereof."

mum salary fixed in the decree, the defendant had insulted them and told them to get out. The evidence for the defendant, consisting in the testimony of his son, three clients, and his own was to the effect that the claimants were constantly playing dice in the bakery; that consequently, there had been certain disturbances and the workmen had voluntarily quit work.

The lower court had before its consideration all the evidence introduced and complying with its duty, it settled the conflict. It believed the evidence for the claimants and not that for the defendant. As to the sums to be paid by the latter, it computed the average of what according to the workmen they earned weekly and calculated what they would have received for one month. We do not think that in so doing it committed any error. Its finding, we repeat, was supported by the evidence.

The judgments appealed from will be affirmed.